the police department, and to punish him, in his discretion, if the charge was sustained; while the police magistrate's duty and power related solely to the trial of the relator for offenses against the people of the state of New York. People v. French, 32 Hun, 112. Both officials acted independently of each other within their respective spheres of duty, and no action of one was binding upon the other.

We have carefully considered the evidence on the trial of the relator, and are of the opinion that the determination of the respondent was well sustained by the evidence. There is nothing to show that any rule of law was violated to the prejudice of the relator. There was competent proof of all the facts necessary to be proved in order to authorize the making of the determination, and there was no such preponderance of proof against the existence of any of those facts that the verdict of a jury affirming the existence thereof, rendered in an action in the supreme court triable by a jury, would be set aside by the court as against the weight of evidence. Code Civ. Proc. § 2140.

The proceedings should be confirmed, with $50 costs and disbursements to the respondent. All concur.

---

### SIMPSON v. BROOKLYN HEIGHTS R. CO.

(City Court of Brooklyn, General Term. October 28, 1895.)

NEGLIGENCE—EVIDENCE—QUESTION FOR JURY.

In an action against a street-car company for personal injuries, plaintiff testified that while he was driving on the right-hand track of defendant's road a train approached from behind, whereupon he drove on the left-hand track, the street on the right-hand side of the tracks being unfit for travel, but after the train had passed proceeded to turn back into the right-hand track, when he was struck by a train approaching on the left-hand track at a rapid speed. Defendant's witnesses testified that plaintiff suddenly drove his team on the track about 10 or 12 feet in front of the approaching train, rendering a collision unavoidable. *Held*, that the question of negligence and contributory negligence was properly submitted to the jury.

Appeal from trial term.

Action by John J. Simpson, Jr., against the Brooklyn Heights Railroad Company for personal injuries. There was a judgment in favor of plaintiff, and defendant appeals. Affirmed.

Argued before CLEMENT, C. J., and OSBORNE, J.

Morris & Whitehouse, for appellant.
Dailey, Bell & Crane, for respondent.

OSBORNE, J. Plaintiff obtained a verdict against the defendant for damages for injuries sustained by him through the negligence of the defendant. We are now asked to reverse the judgment in favor of the plaintiff, and the one point presented to us on this appeal, as ground for a reversal, is that the learned trial judge erred in refusing to grant the motion of the defendant's counsel, at the

close of all the evidence, to dismiss the complaint, on the grounds that plaintiff had failed to establish negligence on the part of the defendant, that plaintiff was guilty of contributory negligence, and that the preponderance of evidence 'was in favor of defendant, and also in refusing to direct a verdict for defendant.

The case made by plaintiff was to the effect that on the afternoon of October 9, 1893, he, in company with others, was riding in a wagon along Myrtle avenue, between Ridgewood and Richmond Hill, on their way back to Brooklyn, on which avenue defendant operated cars propelled by dummy engines. The party were driving on the right-hand track, and, just before reaching the foot of a hill some 400 feet long, they were notified by signal of the approach of a train in their rear. The wagon was driven over to the left-hand track to allow the train in the rear to pass, and at that time there was no train in sight approaching on the left-hand track; and it was further proven that the road on the right of the right-hand track was rough and unfit for travel. After the train on the right-hand track had passed, the driver of the wagon proceeded to turn back into the right-hand track; and, as he was turning back, a dummy with cars attached came in sight on the left-hand track, proceeding down the hill at a high rate of speed, and the tail end of the wagon was struck by one of the water tanks of the dummy, which projected about 14 inches over the rail, throwing the plaintiff from the wagon, and inflicting the injuries complained of. Defendant's story was that, as the dummy engine, going at the rate of 10 miles an hour, approached the wagon, which was being driven on the roadway to the left of the track, the driver of the wagon suddenly turned to the right, and attempted to cross the track about 10 or 12 feet in front of the engine, and that, although the engineer stopped his engine as quick as he could, he was unable, in spite of his efforts, to avoid a collision, and he struck the rear part of the wagon.

There was no such preponderance of evidence in favor of the defendant as would have justified the trial judge in taking the case from the jury. It was plainly his duty to leave to the jury to determine which side was telling the truth; and, in doing so, the jury was charged that, if the defendant's statement of the way the collision occurred was the true one, the plaintiff could not recover. The jury, by their verdict, have found that plaintiff's statement as to how the collision occurred was the true one, and we can see no reasonable ground for interfering with the conclusion arrived at. Judgment and order denying motion for new trial must be affirmed, with costs.